UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:04-CV-198

| | |
|---|---|
| JUDY GRICE COLEMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| CLARIANT CORPORATION, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** comes before the Court upon a June 2, 2005, Motion for Summary Judgment (Document # 25) by Defendant Clariant Corporation ("Clariant") as to claims of age discrimination in hiring made by Plaintiff Judy Grice Coleman ("Coleman"). The parties have fully briefed the matter, and the Court is now prepared to rule on the Motion. Having carefully considered the parties' arguments, the record, and all applicable authority, Defendant's Motion for Summary Judgment will be GRANTED in part and DENIED in part.

Plaintiff's Motion for Leave to File Corrected Brief and Motion for Extension of Time to File Response are also pending before this court. Noting the absence of objection, the Court hereby GRANTS these motions and considers Plaintiff's arguments as filed in its Corrected Memorandum.

### I. PROCEDURAL HISTORY

After receiving right to sue letters from complaints filed with the Equal Employment Opportunity Commission ("EEOC"), Coleman originated this action in North Carolina Superior Court as two separate suits for age discrimination under both the federal Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 626, and the North Carolina Equal Employment Practices Act, N.C.G.S. § 422.1. Both cases were removed to this court on Clariant's properly

filed motion and consolidated with Coleman's consent. On January 20, 2005, this Court granted Defendant's Motion to Partially Dismiss as to Coleman's state law claims, leaving only her ADEA claims pending before this court.

## II. FACTUAL BACKGROUND

Coleman's complaint stems primarily from her application for a transfer to a position with Clariant as Senior Accounting Representative for the Accounts Payable department ("SAR–AP") after Clariant announced that her then-current position would be eliminated due to a plant closing. According to Coleman, the hiring process was going well until the topic of her age emerged in an interview with Ed Azarian, the Accounting Manager and ultimate supervisor and decision-maker for the Accounts Payable Department. Coleman alleges and Clariant does not seriously deny that shortly into this interview, Azarian asked Coleman her age and how much longer she intended to work. According to Coleman, the interview went poorly after she told him that she was 55. Though Coleman believed that her other two interviews with Melissa Hawkins, the position's supervisor, were highly encouraging, she was soon after denied the job. At the time of the denial, Coleman had nearly 35 years of accounting experience with Clariant and no other applicants existed for the position.

Immediately after Coleman was denied the SAR-AP position, Azarian sent out an email explaining the decision. This email included references to conversations with Gwen Vincent, Coleman's former supervisor. Vincent immediately wrote an angry email to Azarian refuting her role as a decision-maker. In her deposition, Vincent acknowledges that she was consulted by Azarian, but denies having any authority over the hiring decision. She also denies that she made several of the negative comments about Coleman attributed to her in the email and purportedly relied on by Azarian in reaching the decision not to hire Coleman. In response, Azarian issued a

revised email deleting references to her participation in the decision as well as the contested comments.

The SAR-AP position remained open until October, 2002, when Linda Helms was hired on a temporary basis. Ms. Helms was 32 years old when she was hired, had no real accounting experience, and lacked experience in some of the computer programs listed as requirements on the position's job posting. Though Helms's position involved nearly all the duties of the SAR-AP position (with the exception of a few duties that were transferred to pre-existing employees), Clariant contends that the two were not the same. Helms's position was made permanent in late December, 2002, less than two weeks after Coleman filed her first EEOC claim.

Clariant, a chemical manufacturer for the textile industries of North and South Carolina, employed Coleman as an accounts payable clerk for nearly 35 years, most recently as Senior Accounting Clerk at its Mt. Holly East plant. In March, 2002, Clariant announced that it would be closing nearly all operations at the Mt. Holly East plant and that most of the positions, including Coleman's, would be eliminated over the course of the next year. Employees who would be left jobless were offered several severance options or the possibility to apply for a transfer to other positions with Clariant in other locations.

Coleman chose the latter course of action, applying or otherwise expressing interest in at least eleven positions, including the SAR-AP position, during the fourteen months before her employment with Clariant was finally terminated. For purposes of the current motion, these positions were Senior Accounting Representative for the Credit Department ("SAR–CR"), Credit Analyst, Human Resources Assistant, Benefits Assistant, Sample Room Clerk, Order Fulfillment Coordinator ("OFC"), Logistics Specialist, Utilities and Effluent Operator, HRIS Specialist, and Laboratory Technician. Coleman expressed interest in each position separately, and with little

exception[1], the final hiring decision for each position was made independently by different individuals. Despite her persistence, Coleman was refused all of these positions and ultimately had to leave Clariant's employ when her position at Mt. Holly East expired in June of 2003.

**II. STANDARD OF REVIEW**

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). It requires a determination of the sufficiency of the evidence, not a weighing of the evidence. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). The party opposing the motion may not rest upon its pleadings but instead must provide evidence or point to evidence already on the record that would be sufficient to support a jury verdict in its favor. Id. This evidence must be properly authenticated pursuant to Rule 56(e). Orsi v. Kirkwood, 999 F.2d 86, 92 (4th Cir. 1993). The movant may be entitled to summary judgment merely by showing that the other side will not be able to prove an essential element of its case with respect to which it has the burden of proof. Celotex, 477 U.S. at 322-23.

When considering summary judgment motions, courts must draw all reasonable inferences in favor of the nonmoving party, and "may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 150 (2000). Additionally, the Court must "disregard all evidence favorable to the moving party that the jury is not required to believe" and only "give credence to the evidence favoring the nonmovant as well as that evidence supporting the moving party that is uncontradicted and unimpeached, at least to

---

[1] Tricia Marlow was the ultimate decision maker as to Coleman's interest in the Human Resources Assistant, HRIS Specialist, and OFC positions. Ted Morris was the ultimate decision maker for both the Logistics Specialist and Utilities and Effluent Operator positions.

the extent that [the] evidence comes from disinterested witnesses." Reeves, 530 U.S. at 151.

## III. DISCUSSION

In an age discrimination case brought under the ADEA, the plaintiff bears the burden of proving that the defendant's adverse hiring decision was motivated by the plaintiff's age. This can be demonstrated, and summary judgment survived, by one of two means. First, the plaintiff may offer direct or circumstantial proof of a discriminatory motive as in any other case. Goldberg v. B. Green & Co., Inc., 836 F.2d 845, 847 (4th Cir. 1988). Second, the plaintiff may survive summary judgment in absence of such evidence by proving a prima facie case through application of the standards set forth in McDonnell Douglas Corporation v. Green. 411 U.S. 792 (1973). Once a prima facie case is established, the employer-defendant must articulate a legitimate, nondiscriminatory reason or reasons for its action. Furnco Const. Corp. v. Waters, 438 U.S. 567, 577-78 (1978). Finally, the burden then shifts back to the plaintiff to show that the articulated reasons were merely a pretext for discrimination and not the true motivation for the employer's action. McDonnell Douglas, 411 U.S. at 804.

To establish a prima facie case under McDonnell Douglas, Coleman must show the following: 1) she is a member of a protected class, in this case, individuals over the age of 40; 2) she was the subject of an adverse job action; 3) she was qualified for the position for which she applied; and 4) she was rejected under circumstances giving rise to an inference of discrimination. See McDonnell Douglas, 411 U.S. at 802 (enunciating the test and holding that it may be modified to fit differing circumstances); see also McNairn v. Sullivan, 929 F.2d 974, 976 (4th Cir. 1991) (applying the McDonnell Douglas test to failure-to-promote claims).

**A. Senior Accounting Representative for Accounts Payable**

Coleman rightly focuses her argument on the denial of the SAR-AP position. In support

of this claim, she points primarily to the statements of Ed Azarian concerning her age, the hiring of Linda Helms to fill a substantially similar position, and to a series of inconsistencies in Clariant's explanation of why Coleman was not hired for the job. While these amount to significant circumstantial evidence of age discrimination, they cannot qualify as "direct evidence." See Martin v. Allumax of South Carolina, 380 F. Supp. 2d 723 (D.S.C. 2005) ("only the most blatant remarks, whose intent could be nothing other than to discriminate on the basis of age, constitute direct evidence of discrimination.") (quoting Carter v. Miami, 870 F.2d 578, 582 (11th Cir. 1989)). As such, Coleman must show that a genuine issue of fact exists via the McDonnell Douglas test.

### i. Coleman's prima facie case of age discrimination

Here, Clariant stipulates that Coleman can establish the first and second elements of a prima facie case. Additionally, though Clariant disputes the existence of element four, Azarian's comments on Coleman's age in connection with her job interview combined with the subsequent passing over of Coleman and the eventual hiring of the younger and less experience Linda Helms provide ample evidence to give rise to an inference of age discrimination. Thus, only element three, whether or not Coleman was qualified for the SAR-AP position, remains in serious dispute.

In determining whether she was qualified, the court may not rely on Coleman's assertions alone, but must instead look to her qualifications as seen by the employer. Smith v. Flax, 618 F.2d 1062, 1067 (4th Cir. 1980). This does not mean, however, that the Court must accept at face value Clariant's claim that Coleman was not qualified for the position. Clariant does not dispute that Coleman's nearly 35 years of accounting experience qualified her for the SAR-AP job, and Ms. Hawkins even agreed in her deposition that Coleman's computer and accounting skills met

the position's posted requirements[2]. Clariant claims, however, that the hiring decision-makers believed her to be too detail-oriented for the position. While this may help establish a legitimate reason why Coleman was not hired, it does not detract from Coleman's technical qualifications; in fact, attention to detail is listed as a requirement on the position's Job Opportunity Notice. Thus, Coleman has made a sufficient showing of qualification to establish a prima facie case by a preponderance of the evidence.

### ii- Pretextual nature of Clariant's explanation

To rebut Coleman's prima facie case, Clariant has offered multiple explanations as to why she was not hired. In order to complete the McDonnell-Douglas test and survive summary judgment, Coleman must show that there is sufficient evidence to sustain a jury finding that these explanations are merely a pretext for age discrimination. She may do so either by showing that Clariant's explanation is "'unworthy of credence' or by offering other forms of circumstantial evidence sufficiently probative of age discrimination." Mereish v. Walker, 359 F.3d 330, 336 (4th Cir. 2004) (quoting Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 256 (1981). Coleman has satisfied both approaches.

Clariant has not attempted to rebuff Coleman's statements that her application went smoothly until Mr. Azarian asked her age and how long she would continue to work, other than to say that Azarian did not remember the statements and meant nothing by them. From that point onward, the interview process went downhill, even though Coleman was the only applicant for the position. In explaining why Coleman was not hired, Azarian sent an email citing Coleman's former supervisor, Gwen Vinson, as a source of the decision not to hire and as stating that

---

[2]While Hawkins did state that she did not believe Coleman was customer service-oriented, a requirement for the position, Hawkins and Clariant do not assert that this deficiency contributed to Coleman's not being hired.

Coleman would have required close supervision, claims which Vinson quickly rebuffed. In that same email, Azarian referred to Coleman's lack of skill with computers in general and Microsoft Excel in particular as one reason she was passed over. In fact, however, Coleman had recently completed a course in Excel, and her skill with the computer system used in the SAR-AP position was acknowledged by Hawkins, the position's supervisor, in her deposition. These discrepancies, considered together, provide sufficient basis for a reasonable fact-finder to decide that Clariant's explanations are not legitimate and are merely pretextual. As such, summary judgment must be denied with respect to the SAR-AP position.

### B. SAR–CR, Sample Room Clerk, HRIS Specialist, and Order Fulfillment Coordinator Positions

Coleman does not claim to offer direct evidence that age discrimination motivated the hiring decisions for any position other than SAR-AP, and therefore each of the other decisions must be examined under the McDonnell Douglas test.[3] As noted above, Coleman satisfies the first two elements of the test, leaving her qualifications for each job and the inference of age discrimination in dispute. Because the Court finds that Coleman was not qualified for these positions, it is unnecessary to discuss any inference of discrimination.

Coleman admits in her response brief that she may not have been fully qualified for the SAR–CR job, as she lacked cash application experience, a requirement listed on the position's Job Opportunity Notice. She insists, however, that she would have been able to learn rather quickly and that she believed such experience was not truly necessary. Again, this subjective assessment by Coleman does not suffice to satisfy the McDonnell test. Smith, 618 F.2d at 1067.

---

[3] Coleman's primary evidence of age discrimination lies in the statements and attitude of Mr. Azarian, the decision maker for the SAR-AP position. As stated above, Azarian was in no way involved in the hiring decision for any other position, and therefore his statements alone cannot constitute evidence of discrimination in those decisions.

Sandi Langdon, the decision maker for the SAR–CR position, states in her affidavit that Coleman's lack of cash application skills made her unqualified for the position. As there is no evidence to the contrary, Coleman cannot establish that she met even minimal qualifications for the position, and therefore has not made her prima facie case.

The analysis is even less complicated for the Sample Room Clerk, HRIS specialist, and OFC positions. Each of these positions involved fields (laboratory skills, human resources, and customer service, respectively) in which Coleman had no prior experience. Additionally, Clariant has identified these positions as ones where experience in the field would be necessary, in its business judgment, for success. Thus, Coleman has failed to satisfy the qualification element of the McDonnell test and cannot proceed past summary judgment on her claims related to these positions.

### C. Undisputed Positions

Finally, Coleman does not dispute Clariant's characterization as to why she was not hired for six of the positions she mentioned in her complaint: Credit Analyst, Human Resources Assistant, Benefits Assistant, Logistics Specialist, Utilities and Effluent Operator, and Laboratory Technician. In fact, Coleman never directly states, either in her complaint or response brief, that she had any indication of age discrimination in her applications for these jobs, or that she even met the minimum qualifications to be considered. In each of these cases, Clariant has presented evidence that the employee who was hired for the position was qualified above and beyond Coleman. As such, Coleman cannot establish a prima facie case of age discrimination and Clariant's Motion for Summary Judgment should be granted as to each of these six positions.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Summary Judgment is **GRANTED** in part and **DENIED** in part.

Accordingly, summary judgment is GRANTED as to Coleman's age discrimination in hiring claims for the following positions: 1) Senior Accounting Representative for the Credit Department; 2) Credit Analyst; 3) Human Resources Assistant; 4) Benefits Assistant; 5) Sample Room Clerk; 6) Order Fulfillment Coordinator; 7) Logistics Specialist; 8) Utilities and Effluent Operator; 9) HRIS Specialist; and 10) Laboratory Technician.

Accordingly, summary judgment is DENIED as to Coleman's age discrimination in hiring claims for the Senior Accounting Representative for Accounts Payable position.

**Signed: September 15, 2005**

Graham C. Mullen
Chief United States District Judge